COMMON CAUSE OF NEW JERSEY, APPELLANT, v. NEW JERSEY ELECTION LAW ENFORCEMENT COMMISSION, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued December 19, 1977—Decided January 6, 1978.

Before Judges CONFORD, MICHELS and PRESSLER.

*Mr. Sanford Kluger* argued the cause for appellant.

*Mr. Edward J. Farrell* argued the cause for respondent.

The opinion of the court was delivered by

CONFORD, P. J. A. D.  Appellant challenges the validity of a regulation adopted by the New Jersey Election Law Enforcement Commission ("ELEC") pursuant to its powers under the Campaign Contributions and Expenditures Reporting Act ("reporting act"). *N. J. S. A.* 19:44A–1 *et seq.;* 19:44A–37. The regulation, *N. J. A. C.* 19:25–15.12(b) ("Section 15.12(b)") provides:

Subject to the expenditure limitations of section 7 of the act, nothing contained in the act or in these regulations shall be deemed to prohibit an expenditure in any amount by a candidate from his own funds in aid of the candidacy of or in behalf of such candidate, but all such expenditures shall be made through the campaign treasurer or deputy campaign treasurer of such candidate and shall be subject to all of the disclosure requirements of the act.

Section 7 of the act, mentioned in the regulation, is an overall expenditure ceiling. It reads in part as follows:

The amount which may be spent in aid of the candidacy of any candidate for a public office at any election shall not exceed $0.50 for each voter who voted in the last preceding general election in a presidential year in the district in which the public office is sought.

Appellant's reliance is principally placed upon a provision from the 1974 amendment and supplement to this act, dealing specially with gubernatorial elections and public funding

thereof, *L.* 1974, *c.* 26, which limits individual *contributions* to a gubernatorial candidate, including any by the candidate himself, to $600. *N. J. S. A.* 19:44A-29(a).

Appellant argues that the statutory section referred to, although facially restrictive only of contribution limitations, was intended by the Legislature also to apply to expenditures by the candidate of his own funds. The argument is based upon expressions of public policy both in the original reporting act as enacted by *L.* 1973, *c.* 83, and in the amendatory and supplementary provisions adopted in 1974. As to the former, *N. J. S. A.* 19:44A-2 mentions the policy "to limit the campaign expenditures by candidates for public office"; as to the latter, there is the statement of a policy that public "financing be adequate in amount so that candidates for election to the office of Governor may conduct their campaigns free from improper influence and so that persons of limited financial means may seek election to the State's highest office." *N. J. S. A.* 19:44A-27.

However, both statements of policy mentioned are carried out by substantive statutory provisions independently of any claimed limitation on a gubernatorial candidate's expenditures from his personal funds. As noted above, expenditures are limited to 50 cents per voter, under Section 7; and candidates for Governor of "limited financial means" (and all others) qualify for matching public funds of two dollars for each dollar contributed (subject to certain limitations), under Section 33.

ELEC's defense of the questioned regulation proceeds from two points of support. It is argued, first, that the terms "contributions" and "expenditures" or "spending" were used with discrimination throughout the statute, and that it would therefore constitute an unwarranted arrogation of administrative authority to construe the term "contributions" in Section 29(a) as extending to expenditures. This is especially clear in light of an express, affirmative limitation as to expenditures in Section 7, which should be looked to as *in pari materia* with the remainder of the statute. Second,

ELEC contends that under *Buckley v. Valeo,* 424 *U. S.* 1, 96 *S. Ct.* 612, 46 *L. Ed.* 2d 659 (1976), statutory limitations on expenditures from personal funds by candidates for public office are constitutionally suspect on First Amendment grounds. Therefore an agency charged with enforcement of the statute, as indeed also the courts, should not be astute to find such a legislative purpose as here contended for in language of less than express import to that effect.

We are persuaded of the soundness of ELEC's position. Its first point speaks for itself and is independently cogent. As to the second, it is clear that *Buckley* held invalid on First Amendment grounds the restrictions in the Federal Election Campaign Act of 1971 of expenditures from personal funds by candidates for President or Vice President, Senate, or Representative, in the amounts of $50,000, $35,000 and $25,000, respectively. 424 *U. S.* at 51–54, 96 *S. Ct.* 612. These figures may be compared to the niggardly $600 sum to which appellant would limit expenditures from personal funds by a candidate for Governor.

While a footnote in *Buckley* suggests that Congress could condition acceptance of public funds on an agreement by the candidate to abide by specified expenditure limitations, 424 *U. S.* at 57, n. 65, 96 *S. Ct.* 612, it is dubious whether our reporting act would meet that specification. The public funding in the act is not conditional or optional, but absolute, providing for two matching public dollars for each dollar of collected contributions (over a limitation of $40,000). Further, the public funding could obviously be insignificant if the contributions to the candidate were small. And finally, while some reasonable latitude for personal expenditures by the candidate would seem constitutionally required in any case, the reporting act, as appellant would construe it, would allow for only $600. While we express no definitive opinion as to the constitutionality of the statute, under *Buckley,* if subject to appellant's construction, there is plainly sufficient doubt on the matter to warrant judicial avoidance of such a construction when the language and

general objectives of the statute do not clearly call for it. See *Ahto v. Weaver*, 39 *N. J.* 418 (1963).

We find the questioned regulation, Section 15.12(b), unexceptionable, and we herewith adjudicate its validity. No costs.